`IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TCIF REO CIT, LLC | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 08-2766 |
| PATRICIA R. GRAY, et al. | : | |

**MEMORANDUM**

Ludwig, J.                                                                                                                                                               June 26, 2009

      This is another attempt in this court (the fourth) by defendants Patricia R. Gray and T. Barry Gray to oppose foreclosure proceedings adjudicated in state court. For the reasons that follow, their motions to proceed *in forma pauperis* will be denied, and this action will be remanded to the Court of Common Pleas of Delaware County.[1]

      Defendants' first challenge to the state court foreclosure proceedings was in the form of a § 1983 action against the assigned judge in the foreclosure action and the sheriff who posted the property for sale. <u>Gray v. Pagano</u>, U.S.D.C., E.D. Pa., Civ. A. No. 07-2810. On July 13, 2007, that action was dismissed for lack of subject matter jurisdiction under <u>Rooker-Feldman</u>, and on grounds of judicial and sovereign immunity.[2] Four days later, on July 17,

---

[1] "In order to authorize a litigant to proceed in forma pauperis, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action; and second, whether the action is frivolous or malicious." <u>Rewolinski v. Morgan</u>, 896 F. Supp. 879, 880 (E.D. Wis. 1995); 28 U.S.C. § 1915(e)(2)(B)(I). An action is frivolous when it is "based on an indisputably meritless legal theory or clearly baseless factual contention." <u>Deutsch v. United States</u>, 67 F.3d 1080, 1086 (3d Cir. 1995). Here, there is no basis upon which defendants can obtain relief in this court.

[2] On July 23, 2008, the Court of Appeals affirmed the dismissal. <u>Gray v. Pagano</u>, No. 07-3433 (3d Cir., filed July 23, 2008).

2007, defendants attempted to remove a "Motion to Avoid Fraudulent Transfer of Real Property" filed in the mortgage foreclosure action styled First Union Nat'l Bank v. Thelma L. Gray, et al., C.P. Delaware Co., No. 01-2757.  See First Union Nat'l Bank v. Gray, U.S.D.C., E.D. Pa., Civ. A. No. 07-2948.  On July 30, 2007, that action was remanded to the Delaware County Court of Common Pleas.  Abstention was appropriate in that case under both Rooker-Feldman and Younger.[3]  Next, defendant T. Barry Gray commenced an action alleging that errors were made in the mortgage foreclosure proceeding involving the property at issue here (which was an asset of an estate in which Gray was executor.)  T. Barry Gray v. Martinez, U.S.D.C., E.D. Pa., Civ. A. No. 08-2603.  On July 10, 2008, Gray's motion to proceed *in forma pauperis* was denied by the Honorable Timothy J. Savage, and the action dismissed pursuant to the probate exception for lack of jurisdiction.  Docket no. 9.[4]  That decision is currently on appeal.  (3d Cir., No.08-2968).

Presently, defendants attempt to remove an ejectment action pending in the Court of Common Pleas of Delaware County: TCIF REO CIT, LLC v. Patricia R. Gray, T. Barry Gray and All Occupants of 141 7th Avenue, C.P. Del. Co., No. 08-908.[5]  However, this court does

---

[3] The Court of Appeals dismissed an appeal of the remand decision for lack of jurisdiction.  First Union v. Gray, No. 07-3577 (3d Cir., filed Feb. 21, 2008).

[4] Judge Savage also noted that under Rooker-Feldman, the court had no subject matter jurisdiction, and that abstention was appropriate under Younger.

[5] Defendant T. Barry Gray commenced this action by filing a motion to proceed *in forma pauperis*.  On July 28, 2008, that motion was denied and the action dismissed under Younger v. Harris, 401 U.S. 37 (1971).  Docket no. 4.  On appeal, the dismissal was vacated as premature because of the absence of a complaint or any document that might explain the basis for federal jurisdiction.  TCOF REO CIT, LLC v. Patricia R. Gray, et al., No. 08-3598 (3d Cir., filed Mar.

not have subject matter jurisdiction over the issues raised in the removed action. The Rooker-Feldman doctrine bars review of the previously adjudicated foreclosure action and the resulting sale of defendants' property to plaintiffs in the currently pending action in ejectment. That doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those proceedings." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). It bars the exercise of lower federal court jurisdiction over claims that were actually litigated in state court, or when the claim is inextricably intertwined with the state court's adjudication. ITT Corp. v. Intelnet Int'l. Corp., 366 F.3d 205, 210 (3d Cir. 2004).

Moreover, abstention is appropriate under Younger, because (1) state-court

---

30, 2009).

On June 19, 2009, in response to an order of court, defendants Patricia R. Gray and T. Barry Gray filed a document styled "Basis for Federal Jurisdiction." Docket no. 13. Defendants describe the basis for federal jurisdiction as follows:

> This Honorable Court has original and supplemental jurisdiction of this action under federal jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1441(a), 1441(b), 1443 et seq. and 1446. The action may be removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441(a), 1441(b), 1441(c), 1443 et seq. and 1446.
>
> This action is an ejectment civil suit; it alleges that the Defendants do not have the right to possession of the real property at 141 7th Avenue, Folsom, PA 19033, Delaware County, Pennsylvania. Defendants believe their fourteenth amendment rights have been violated, among others and that the removal is justified by pursuant to [sic] violation of 28 U.S.C. § 1143 et seq.

"Basis for Federal Jurisdiction," docket no. 13.

3

proceedings are ongoing; (2) the proceedings implicate an important state interest[6]; and (3) those proceedings afford defendants an adequate opportunity to raise federal claims (if any).[7] Younger v. Harris, 401 U.S. 37 (1971).  Accordingly, this action will be remanded to the Court of Common Pleas of Delaware County.

.

BY THE COURT:


/s/ Edmund V. Ludwig
Edmund V. Ludwig, J.

---

[6] "The Commonwealth has an important interest in resolving ejectment and foreclosure disputes."  Smith v. Litton Loan Services, LP, 2005 WL 289927, at *7 (E.D. Pa., filed Feb. 4, 2005) (citations omitted).

[7] Abstention may be raised by the court *sua sponte*.  O'Neill v. City of Philadelphia, 32 F.3d 785, 786 n.1 (3d Cir. 1994).